IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOLLY ANGEL CLEMENTS                                                    PLAINTIFF

VS.                                    CASE NO. 08-CV-4078

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed on November 9, 2009, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 9). Judge Marschewski recommends that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") be granted in part and denied in part. In his report, Judge Marschewski finds that Plaintiff is entitled to attorney's fees under the EAJA for 16.1 attorney hours at the rate of $165.00 per hour, for a total attorney's fee award of $2,656.50. The Plaintiff has objected to the Magistrate's finding and recommendation.

On September 5, 2008, Plaintiff Holly Angel Clements appealed to this Court the decision of the Commissioner of the Social Security Administration's ("SSA") denying her claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI"). On August 28, 2009, the Court reversed and remanded the case to the Commissioner for further consideration pursuant to Sentence 4 of 42 U.S.C. § 405 (g). On October 15, 2009, Plaintiff filed a motion for attorney's fees under the EAJA requesting $3,135.00 in attorney's fees for 19 attorney hours at an hourly rate of $165.00 per hour. (Doc. No. 7). The Defendant responded to the motion and did not object to the Plaintiff's fee request. (Doc. No. 8).

Upon review, Judge Marsschewski found that the Plaintiff's counsel was entitled to an

hourly rate of $165.00 per hour for work performed on behalf of the Plaintiff in this case. However, he found the number of hours (19.0 hours) requested by counsel to be excessive. Thus, the total number of compensable hours was reduced to 16.1 attorney hours. Plaintiff objects to this reduction arguing that the number of hours requested is reasonable. In support, Plaintiff points to the fact that the government did not oppose the requested fee.

It is the duty of the district court to determine the reasonableness and accuracy of a fee request under the EAJA, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992). In making this determination, the court should consider the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp 1247 (W.D.N.Y. 1984).

Applying the above factors to this case, Judge Marschewski determined that 16.1 attorney hours was reasonable for the work performed on Plaintiff's behalf in this matter. Therefore, an attorney's fee of $2,656.50 is reasonable in this case. The Court agrees and adopts the Magistrate Judge's Report and Recommendation *in toto*.

Accordingly, the Court finds that Plaintiff's attorney is entitled to compensation under the EAJA in the amount of $2,656.50, which is a total of 16.1 attorney hours at a rate of $165.00 per hour. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. *Ratliff v. Astrue,* 540 F.3d 800, 802 (8th Cir. 2008).

IT IS SO ORDERED, this 1st day of December, 2009.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge